J-S28034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY FERAIRRA, | |
| Appellant | No. 3243 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
in the Court of Common Pleas of Northampton County
Criminal Division at Nos.: CP-48-CR-0002078-2006
CP-48-CR-0003822-2006

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 12, 2016**

Appellant, Anthony Ferairra, appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–46, without a hearing, as untimely.  Specifically, he maintains that he received a mandatory sentence which he asserts is facially unconstitutional under ***Johnson v. United States***, 135 S. Ct. 2551 (2015). We affirm.

We derive the factual and procedural history of this appeal from the PCRA court's Rule 907 Notice of Intention to Dismiss PCRA [Petition] Without [a] Hearing, and our independent review of the record.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant engaged in oral and vaginal sex with his then-nine year-old step-daughter, and when she was not available, his own eleven year-old biological daughter. The course of sexual acts apparently continued for three years. On September 12, 2006, Appellant entered a guilty plea in the case docketed at CP-48-CR-0002078-2006 to involuntary deviate sexual intercourse with a person less than thirteen years of age, aggravated indecent assault of a child and statutory sexual assault.

> On . . . December 7, 2006, [Appellant] pleaded guilty [to charges docketed at CR-3822-2006] and was sentenced on the charges of involuntary deviate sexual intercourse, statutory sexual assault, criminal attempt to commit incest, endangering the welfare of children and two counts of aggravated indecent assault. [Appellant] was sentenced to an aggregate term of incarceration of fifteen (15) years to eighty-six (86) years.[1]
>
> [Appellant] filed his first PCRA [p]etition on September 12, 2008, which was dismissed by [the PCRA court], and the dismissal was affirmed by the Superior Court. [Appellant] filed a second PCRA Petition on August 17, 2011, raising identical issues. [The PCRA court] again dismissed his Petition and [Appellant] failed to perfect his appeal.
>
> [Appellant] filed the instant PCRA Petition, his third, on August 17, 2015. In assessing [Appellant]'s claims, we find that all of Petitioner's [Appellant's] claims are untimely.

(Notice of Intention to Dismiss, 9/03/15, at 1).

_____

[1] We also note that on the same date as sentencing, the court determined Appellant to be a sexually violent predator. (**See** N.T. Plea/Sentencing, 12/07/06, at 19). Appellant filed a motion for modification of sentence on December 15, 2006, which the court denied on December 21, 2006, without a hearing.

Appellant filed an objection to the notice of intent to dismiss, on September 18, 2015. The PCRA court dismissed Appellant's petition on September 30, 2015. Appellant timely appealed on October 22, 2015. He filed a voluntary concise statement of errors on October 29, 2015. The PCRA filed a Rule 1925(a) statement on November 18, 2015, referring this Court to its Notice of Intention to Dismiss, filed on September 3, 2015. *See* Pa.R.A.P. 1925.

Appellant raises two questions on appeal:

> 1. Whether the PCRA [c]ourt's finding that [Appellant's] PCRA is untimely filed is not supported by the record?
>
> 2. Whether the PCRA [c]ourt's finding that the sentence imposed on [Appellant] did not trigger the mandatory sentence deemed unconstitutional and illegal is not supported by the record?

(Appellant's Brief, at 4).

In connection with these issues, Appellant argues dismissal without a hearing was an abuse of discretion. He maintains this Court should remand for an evidentiary hearing, or resentencing. (*See id.* at 9). We disagree.

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *See Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. *See* Pa.R.Crim.P. 907(1); *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997).

> As a preliminary matter, we note that our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Abu–Jamal*, 596 Pa. 219, 227, 941 A.2d 1263, 1267–68 (2008) (citation omitted), *cert. denied*, *Abu–Jamal v. Pennsylvania*, ––– U.S. ––––, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

*Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

At the outset, then, we must determine whether Appellant timely filed his current PCRA petition, which is also the issue he raises in his first question.

> [W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

*Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 783 (Pa. 2000).

A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *See* 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Here, the court imposed sentence on December 7, 2006, and denied Appellant's motion to modify sentence on December 21, 2006. Appellant did not file a direct appeal. Therefore, his judgment of sentence became final on January 22, 2007, because the thirtieth day after the denial of his motion to modify sentence fell on Saturday, January 20, 2007. **See** 1 Pa.C.S.A. § 1908(2); **see also** Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a

- 5 -

timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]); Pa.R.A.P. 903(a). Accordingly, Appellant had one year or until January 22, 2008 to file a timely PCRA petition.

The instant petition, filed August 17, 2015, more than seven years beyond the statutory deadline, is therefore untimely on its face, unless Appellant both pleads and proves one of the statutory exceptions to the time bar.

While inartfully drafted, it is apparent that Appellant claims the benefit of the holding he perceives in **Johnson**, **supra**, decided June 26, 2015.[2] (**See** Appellant's Brief, at 7). Specifically, Appellant claims that the United States Supreme Court in **Johnson** "held mandatory sentences to be facially unconstitutional." (**Id.**) (citation omitted). His reliance is misplaced.

In reviewing the federal Armed Career Criminal Act (ACCA), **Johnson** held no more than that imposing an increased (mandatory minimum) sentence on a defendant with three prior convictions for a "violent felony," **under the residual clause** of the ACCA violates the Constitution's

---

[2] Appellant mis-cites **Johnson**. He also refers, erroneously, to **Johnson** as having been filed on July 26, 2015. (**See** Appellant's Brief, at 7). Appellant claims that he therefore timely filed his PCRA petition on August 12, 2015, docketed August 17, within sixty days of the date the case was decided. (**See id.**). In any event, Appellant timely filed within sixty days of the actual decision date.

guarantee of due process. *See Johnson*, *supra* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

In so ruling, the *Johnson* Court decided only that 18 U.S.C.A. § 924(e)(2)(B)(ii) was unconstitutional. *See id.* at 2557 ("Two features **of the residual clause** conspire to make it unconstitutionally vague.") (emphasis added). Briefly summarized, the Court held that the ACCA "residual clause," which defined "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally void for vagueness. *Id.*

Accordingly, *Johnson*'s holding on a specific provision of ACCA has no applicability whatsoever to Appellant's conviction. His broadside claim that **all** mandatory sentences are **facially** unconstitutional based on *Johnson* is manifestly erroneous. Indeed, lacking any support in fact or law, it is frivolous. Appellant has failed to prove an exception to the PCRA time bar.[3] Because Appellant has failed to prove a statutory exception to the time bar,

---

[3] Because our decision disposes of timeliness and jurisdiction, the basis of the PCRA court's disposition and the first issue raised by Appellant, we need not address the many other difficulties invocation of *Johnson* entails, most notably the lack of retroactive application, and we decline to do so.

the PCRA court properly determined it had no jurisdiction to review his remaining claims on the merits.[4]

Furthermore, Appellant's claim that he may raise illegality of sentence as a matter of right, because it is non-waivable and may be entertained **so long as the reviewing court has jurisdiction**, while correct as stated, does not merit review or relief. (**See** Appellant's Brief at 3). "Although legality of sentence is always subject to review within the PCRA, claims **must still first satisfy the PCRA's time limits or one of the exceptions** thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/12/2016</u>

---

[4] Moreover, our review of the record confirms the PCRA court's explanation that Appellant did not receive any mandatory minimum sentence. (**See** N.T Plea/Sentence, 12/07/06, at 29-30; **see also** Notice of Intention, at 3).